This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BOKF, N.A., a national banking association d/b/a**
**BANK OF OKLAHOMA, as successor in interest**
**by merger to BANK OF OKLAHOMA, N.A.,**

　　Plaintiff-Appellee,

v. 　　　　　　　　　　　　　　　　　　　　　**NO. 34,005**

**LORENZO LOPEZ and ALISON LOPEZ,**

　　Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Richard Leverick
Albuquerque, NM

for Appellee

Ross & Garrett
Michael C. Ross
Albuquerque, NM

Law Offices of Sylvain Segal
Sylvain Segal, Jr.
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} Defendants appeal the district court's grant of a writ of assistance, which required Defendants to vacate a house that had been the subject of a foreclosure action filed by Plaintiff. We issued a notice of proposed disposition proposing to affirm, and Defendants have responded with a memorandum in opposition. We have carefully considered the arguments raised in that memorandum; however, for the reasons stated in the notice of proposed disposition and below, we continue to believe summary affirmance is appropriate in this case. We therefore affirm the district court's decision.

{2} In our notice we proposed to find that Defendants, by defaulting rather than answering the complaint for foreclosure that was filed in this case, had admitted the allegations made in the complaint. We further proposed to hold that those allegations, together with the documents attached to the complaint, established Plaintiff's standing to bring the foreclosure action underlying the writ-of-assistance proceeding. In response, Defendants make two arguments. First, they claim the "complaint does not create a *prima facie* case for foreclosure of the note and mortgage because it fails to show that the Bank had standing." [MIO 2] Second, they contend it should not matter

2

whether they are raising standing following the entry of a default judgment, because standing may be raised at any point in a case. [MIO 3] Significantly, they do not dispute our proposed holding that, by failing to file an answer to the foreclosure complaint, they admitted the allegations of the complaint as true for purposes of this case.

**{3}** We disagree with Defendants' first argument because, as we discussed in the notice of proposed disposition, the allegations of the complaint do in fact "create a *prima facie* case for foreclosure" by establishing Plaintiff's standing. As we pointed out, the complaint alleged that Plaintiff was both a "holder" and a "holder in due course" of the promissory note, terms of art that carry with them the authority to enforce a note. *See Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-___ ¶¶ 9-10, ___ P.3d ___, (No. 32,310, July 22, 2014). Furthermore, Plaintiff alleged that the mortgage was assigned to it well before the date the foreclosure complaint was filed. These admitted allegations, taken together, show that Plaintiff had the authority to enforce both the promissory note and the mortgage at the time the foreclosure complaint was filed, and thus also show that Plaintiff had standing to bring the foreclosure action. *See Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1 (for plaintiff to establish standing to pursue foreclosure of mortgage, plaintiff must establish it had timely ownership of both the promissory note and the mortgage at the time the complaint was filed).

**{4}** As for Defendants' second argument, we disagree because, contrary to Defendants' argument, the procedural posture of this case is crucial. As discussed above, by defaulting rather than answering the foreclosure complaint, Defendants admitted the facts necessary to establish Plaintiff's standing to pursue the foreclosure action. This puts Defendants in an entirely different position than, for example, the defendants in *Romero*, who objected to the plaintiff bank's standing during the foreclosure proceedings and thus put the plaintiff to its proof on that issue. *See id.* ¶ 6. The plaintiff in *Romero* had notice of the standing issue and therefore had an opportunity to present any evidence it might have had concerning that issue; Plaintiff in this case has never been put on notice of the issue and is entitled to rely on Defendants' admission by default of the allegations made in the complaint. To hold otherwise would render meaningless the default judgment that was entered in this case, as well as the denial of Defendants' Rule 1-060(B) NMRA motion to reopen the default judgment. We therefore decline to adopt Defendants' position.

**{5}** Based on the foregoing as well as the discussion in the notice of proposed disposition, we affirm the district court's decision in this case.

**{6}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

4

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**TIMOTHY L. GARCIA, Judge**